**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   CRIMINAL NO.  10-30242-GPM |
| | ) |
| **JACKIE RAY MOSS,** | ) |
| | ) |
| **Defendant.** | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

     Defendant Jackie Ray Moss was indicted on December 15, 2010, and charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  Defendant was arrested on December 28, 2010, and later that same day appeared before United States Magistrate Judge Donald G. Wilkerson for his initial appearance, arraignment, and detention hearing.  The Government filed a motion to detain and proceeded during the hearing by way of proffer.  Magistrate Judge Wilkerson granted the Government's motion and issued an Order of Detention on January 3, 2011 (Doc. 12).  Based upon certain factual findings, Magistrate Judge Wilkerson found by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

     On January 21, 2011, Defendant filed a motion for a *de novo* review of the detention order pursuant to 18 U.S.C. § 3145 (Doc. 15).  In the motion, Defendant did not specifically challenge any finding of Magistrate Judge Wilkerson but stated, simply: "18 U.S.C. § 3145(b) provides for review of a detention order upon request.  Wherefore, Defendant Moss requests a *de novo* review of the detention order."  The Government filed a response to the motion, detailing Defendant's copious

criminal history (*see* Doc. 18). The Court conducted a hearing on January 31, 2011.

This is not a case involving the rebuttable presumption of detention under 18 U.S.C. § 3142(e) that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act." With respect to the defendant's risk of flight, the government bears the burden of proving by a preponderance of the evidence "that no set of conditions will reasonably assure [the defendant's] appearance at the required times." *United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1986); *accord* 18 U.S.C. § 3142(e). With respect to the defendant's danger to the community, the government bears the burden of proving by clear and convincing evidence "that no condition or set of conditions will ensure the safety of the community." *Portes*, 786 F.2d at 764.[1] A court's finding regarding a defendant's dangerousness "cannot be based on evidence that he has been a danger in the past, except to the extent that his past conduct suggests the likelihood of future misconduct." *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986).

In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the Court shall take into account the available information concerning: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the defendant; (3) his personal history and characteristics, including (a) the defendant's character, physical and mental condition, family ties,

---

[1] Although the Court in *United States v. Portes*, 786 F.2d 758, 764 (7th Cir. 1985), uses the term "ensure," the statute specifies "reasonably assure" as the standard. *See* 18 U.S.C. § 3142(e).

employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearances at court proceedings; and (b) whether, at the time of the current offense or arrest, the defendant was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under federal, state, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). A finding of either risk of flight or danger to the community is sufficient to detain the defendant pending trial. *Portes*, 786 F.2d at 765.

The Court has carefully considered all of the relevant factors in this case and agrees with Magistrate Judge Wilkerson that the Government has proved by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community. *See* Doc. 12; *see also* 18 U.S.C. § 3142(e). After reviewing the Pretrial Services Report prepared by the United States Probation Office for the Southern District of Illinois and provided to the parties, the Court finds that Defendant's extensive criminal history suggests a likelihood of future misconduct. *See Dominguez*, 783 F.2d at 707. Specifically, Defendant has not fully complied with terms of previously imposed probation and court-ordered supervision. Therefore, the Court finds that no condition or combination of conditions will reasonably assure the safety of the community. Defendant's request for bond pending trial is **DENIED**; Defendant shall remain detained pending trial.

**IT IS SO ORDERED.**

DATED: 02/03/11

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge